THE STATE OF MISSOURI *ex rel.* ATTORNEY-GENERAL, Relator,
*v.* JOHN GILBREATH, Respondent.

1. *County Courts, justices of— Term of office — Districting of counties, effect of.*— Section 1 of chapter 137, Gen. Stat. 1865 (Wagn. Stat. 439), provides that each county, where the court is composed of three justices, may be districted by the County Court into three districts, and each district shall elect and be entitled to one of the justices of the court. Section 2 provides that the term of office shall be six years, and section 3 provides that at the election in 1866 there shall be elected three justices, one of whom shall vacate his office in two, one in four, and one in six years, to be determined by lot, and thereafter there shall be one justice elected every two years. Pursuant to these provisions, in 1866 three justices were elected for Macon county, who proceeded to draw lots and determine their respective terms of office. Subsequently the court divided the county into three districts, assigning one of the justices to each district. *Held,* that this order districting the county did not vacate the offices of the several judges, but they were entitled to hold their offices until the remainder of the respective terms.

*Application for Quo Warranto.*

*A. J. Baker,* Attorney-General, with whom were *A. J. Williams, D. R. Dysart,* and *T. A. Jones,* for relator.

I. The respondent claims that the County Court of Macon county, by districting the said county, legislated the justices of said court out of office ; that such is the legal effect of the exercise by any court of the powers conferred by section 1 of chapter 137. Concede this construction, and not one county in the State would ever be districted for County Court purposes. Can we for a moment suppose that the Legislature would enact a law to accomplish a desirable end, yet containing a latent meaning that must necessarily defeat this end? Most certainly not. (Sedgw. Const. Law, 288 ; 1 Iowa, 330.) "Such a construction should be given as will not defeat the object of the law." (1 Iowa, 330.) "If the law-maker has spoken obscurely, and has spoken more clearly elsewhere, he is the interpreter of his own meaning." (Vattel's Rules ; Sedgw. Const. Law, 271.) The whole statute is to be construed together. (3 Iowa, 105 ; 7 Iowa, 275 ; 5 Wis. 473 ; Sedgw. Const. Law, 277.) When tested by this rule, the order of the Macon County Court is in bearing

The State of Missouri ex rel. Attorney-General, relator, v. Gilbreath.

with all the provisions of the statute. (Sedgw. Const. Law, 288–9.)

II. A statute is to be so construed as to give force and validity to all its parts, if possible, and make them all harmonize. (5 Wis. 475; 13 Wis. 57, 370.) Remedial statutes should be construed liberally to accomplish the object aimed at. (Sedgw. Const. Law, 258, 359 *et seq.*; 19 N. Y. 433; Dwarris, 562; 1 Iowa, 292; 1 Kent's Com. 525, and note.) Wherever power is given by statute, everything necessary to make such power effective is implied. (1 Comst. 30; 6 McLean, 112; 7 Iowa, 400.) Section 1 confers power upon County Courts to district their counties. The time for the exercise of this power is left to the discretion of the courts. The mode of its exercise is also left to the same discretion.

*John W. Henry*, for respondent.

I. The power conferred upon a County Court to divide a county into three districts, does not authorize the members of the court to assign themselves respectively to a district. (1 Wagn. Stat. 439, § 1.) It is a delegated power, and will be strictly construed. A county is a *quasi* corporation, and powers conferred upon the court come within the rule requiring corporations to act strictly within the limits of the powers conferred upon them. (Hann. & St. Jo. R.R. Co. v. Marion County, 36 Mo. 294–5.)

II. Where a power created by statute has been executed, and something else, not authorized, has been done, the execution of the power is good as far as authorized, and void as to the excess. (Comm'rs of Knox Co. v. Nichols, 14 Ohio St. 260, 272.)

III. The Legislature has power to abridge the term of an office, the term of which is not fixed by the constitution. (3 Gray, 126; 18 Ind. 264; State *ex rel.* Davis v. Mann, 41 Mo. 398.)

IV. If the County Court justices of Macon county had no power to parcel out among themselves the districts into which they divided the county, then, upon such a construction of the first section as would continue those justices in office, it would be

impossible to give effect to the power, because, upon the occurrence of a vacancy, there are no means of determining for which district an election should be held or an appointment be made.

V.    The first section provides that when the County Court districts the county, each district shall be entitled to and elect a justice; and if not immediately entitled to elect, there is no way of determining, except arbitrarily, when that right will commence.    The act of districting and the right to elect are by the Legislature inseparably connected in point of time, and the court had no power to sever that connection.    (State v. Walker, 17 Ohio, 135.)

*James Carr*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The defendant is charged with usurping the office of justice of the County Court of Macon county, and the information shows that, at the general election of 1866, A. C. Atterbury, J. R. Alderman and William D. Roberts were duly elected and commissioned as justices of such court, and, drawing lots under the statute, the said Atterbury drew the term of two years, the said Roberts drew the term of four years, and the said Alderman drew the term of six years; that, at the election of 1868, Charles P. Hess was duly elected for the term of six years to fill the vacancy caused by the expiration of the term drawn by said Atterbury; that the said County Court, composed of said Roberts, Alderman and Hess, on the 18th of October, 1870, divided the county into three districts for the purpose of electing justices of the County Court, under the provisions of section 1, chapter 137, Gen. Stat. 1865 (Wagn. Stat. 439), and assigned the said Hess to the First district, the said Alderman to the Second, and the said Roberts to the Third district; and, as the term of said Roberts would expire at the election in November following, ordered an election at that time in the Third district to fill the vacancy.    The information further relates that respondent Gilbreath and John M. Wilson, regarding said order districting the county as vacating the office of all the judges, offered themselves

as candidates for said offices at said election, the said Wilson for the First district, and the said Gilbreath for the Second; that each received a majority of votes in his district, were commissioned for the term of six years, intruded themselves into the offices of justices of said County Court, and unlawfully hold and execute the same.

The respondent claims that by districting the county the judges thereby vacated their offices, that a vacancy was created in the Second district, and that he was regularly elected to fill the same, and was duly commissioned, etc.

The question is thus raised whether the action of the County Court in districting the county had any such effect as is claimed by respondent. The section of the statute referred to is as follows:

"Section 1. The County Court shall be composed of three members, to be styled 'the justices of the County Court,' and each county, where the court is composed of three justices, may be districted by the County Court, if they think the good of the county will be promoted thereby, into three districts, as near equal in population as practicable without dividing municipal townships, and each district shall elect and be entitled to one of the justices of the County Court."

Section 2 provides that the term of such justices shall be six years, and section 3 provides that, at the election for 1866, three justices shall be elected, one of whom shall vacate his office in two years, one in four, and one in six years, to be determined by lot, and thereafter "there shall be one justice of each County Court in this State elected every two years."

Section 1, as is seen, provides for districting the county, but there is no express provision, in case such districting is had, for assigning the judges already elected to the different districts, or for designating the district into which the first vacancy shall fall. The County Court assumed the power of designating the districts to be represented by each one of their number, and, as a consequence, designated the time when each district should elect, corresponding with the time when their respective terms would end; and the relator claims that the power thus to act is a neces-

sary incident to the power expressly granted, and implied from it; that the express power cannot be exercised without such assignment of the judges to the several districts, and consequent designation of the district in which the first vacancy shall happen. The respondent, however, claims that inasmuch as the statute makes no provision for such assignment of the justices, the districting of the county must operate as a resignation of all the judges, and a provision for a new election in all the districts.

This omission in the statute gives rise to difficulties in its construction, whichever view is taken. If the provision for districting the county had been carried into effect before the election in 1866, there would have been no difficulty, for in that case the justices would have been elected by and for each district, and there could have been no subsequent election except for one district; or if there is any power, express or implied, to designate the district where the several terms fall, then everything is plain, for it must necessarily follow that the election must be had in the district where the term has expired. But if the districting was not had before the election in 1866, and there is no power to designate the district where the different terms fall, then it seems impossible to execute the law, for how otherwise can we say in which district the election shall be had? Respondent would solve the difficulty by saying that after the court is districted elections should be had in all the districts and for the full term. But this contradicts the statute, which expressly provides for the election of three justices in 1866, and one every two years thereafter, and also provides for a term of six years. No exception is made as to those counties that may be districted, so that there is no statutory authority for electing more than one justice at any election, and no right to cut short the term of any. If respondent's construction be the true one, the terms of two of the justices are curtailed, and instead of an election of one justice every two years, as provided by the statute, it can only thereafter be had once in six years, and all the justices must be elected at once. Such contradictions will not be implied unless from some other express provision, and without which such provision could not be carried into effect. The only provision that is claimed to have this effect

is the one for districting the county. But no such contradiction of the express requirements of the statute can by any process of reasoning be inferred from this provision, so we must seek some other solution of the difficulty. I can see no other solution but in the construction given by the County Court. It contradicts nothing; it simply adds an implied power, without which the provision under consideration would be inoperative. Under this construction the present justices will hold their statutory term, an election of one justice will be had every two years, and each district will elect one, thus affirming the material provisions of the statute. It is objected that two of the districts are deprived of their right to elect. True, until the terms of the justices already elected shall expire. No statute providing for a future election to any office already filled can take effect until the termination of the pending term, unless the term is expressly cut off. That is not the real difficulty in this case, but it is in the assignment of the justices, thus determining in which district the first district election should be had. But such assignment being necessary to carry into effect the power to district, the power to make it should be implied from the one expressly granted. Judgment of ouster will therefore be rendered. The other judges concur.